U.S. DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| **BOBBY PROCTOR,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **Civil Action Number:** |
| ) | **5:02CV3185-VEH** |
| **v.** ) | |
| ) | |
| **FLUOR ENTERPRISES, INC.** ) | |
| ) | |
| **Defendant.** ) | |

**MEMORANDUM OF OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE DEFENSE OF BORROWED SERVANT**

This is a negligence action arising out of injuries to Plaintiff Bobby Proctor allegedly sustained while working at the Solutia, Inc., plant in Morgan County, Alabama. Plaintiff has alleged that on or about January 30, 2002, he was injured when he reached into the bottom of a vat of boiling liquid that was part of the machine he was operating, to determine whether a device in the bottom of the vat was clogged. Plaintiff contends that he did so in an attempt to comply with instructions from an employee of Fluor Enterprises, Inc., who was troubleshooting problems associated with the machine.

This case comes before the court on Plaintiff Bobby Proctor's Motion to Strike Defendant Fluor Enterprises, Inc.'s "borrowed servant" defense and the summary

judgment evidence offered in support thereof (doc. 31) on the ground that under Alabama law, the "borrowed servant" defense is an affirmative defense, and, therefore, Fluor was required, but failed, to plead such defense under Rule 8(c), Fed. R. Civ. P. For the reasons hereinafter stated, the Plaintiff's Motion is due to be granted.

## **Background**

On December 30, 2002, Plaintiff filed this diversity action, alleging that Fluor, an independent contractor of Plaintiff's employer Solutia, Inc., is liable under Alabama law for negligence and/or wantonness that proximately caused Plaintiff to suffer severe burns and injuries in the course of his employment at Solutia.[1]

On January 27, 2003, Fluor filed its Answer generally denying Plaintiff's allegations and setting forth twenty-seven separate ostensible defenses. However, Fluor failed to affirmatively state that any allegedly negligent employee of Fluor was acting as the "borrowed servant" of Plaintiff's employer, Solutia.

On October 29, 2003, Fluor filed its Motion for Summary Judgment. Fluor therein argued, for the first time, that it cannot be held liable for Plaintiff's injuries

---

[1] In Plaintiff's Response in Opposition (doc.37) to Defendant's Motion for Summary Judgment (doc. 28), Plaintiff acknowledged that the evidence in this case is insufficient to suggest the culpable mental state required to prove wantonness under Alabama law. Plaintiff conceded that Defendant's Motion for Summary Judgment was due to be granted insofar as it pertained to Plaintiff's wantonness claim.

because Fluor's regular employee who Plaintiff alleges was negligent, was acting as the "borrowed servant " of Solutia.  See Memorandum in Support of Defendant's Motion for Summary Judgment at 4-5, 8-10.

## Analysis

**I. Fed. R. Civ. P. 8(c) Requires the Borrowed Servant Defense to be Pled in Defendant's First Response**

    **A. Under Alabama Law, the Borrowed Servant Doctrine is an Affirmative Defense**

Under Fed. R. Civ. P. 8(c), a defendant is required to plead certain affirmative defenses or they are deemed waived. *Steger v. General Electric, Co.*, 318 F.3d 1066, 1077 (11th Cir. 2003).  The Eleventh Circuit has decided that determining whether a contention is an affirmative defense for the purpose of Rule 8(c), is a matter of state law.  *Troxler v. Owens-Illinois, Inc.,* 717 F.2d 530, 532 (11th Cir. 1983).  Under Alabama law, the "borrowed servant" defense is in fact an affirmative defense. *Hosea O. Weaver & Sons v. Towner*, 663 So. 2d 892, 896-899 (Ala. 1995). Therefore, when a general employer intends to assert that it is not subject to liability because its allegedly negligent employee was acting as the "borrowed servant" of another, such assertions must be stated specifically in the defendant's first response. *Id*.

    Defendant asserts that Plaintiff acknowledged the "borrowed servant" defense

as it related to the exclusivity provisions of the Workers' Compensation Act through Plaintiff's characterization of the incidents leading up to the injuries, and through development of facts supportive of the borrowed servant defense throughout the discovery phase. However, what the Defendant fails to recognize is that, regardless of whether the Plaintiff realized, recognized, or inquired as to facts that may give rise to such a defense, the Defendant maintains the burden of pleading such an affirmative defense in its first response. *Steger v. General Electric, Co.*, 318 F.3d 1066, 1077 (11th Cir. 2003); *Fed. R. Civ. P. 8(c)*. The requirement of the pleading rule that affirmative defenses be set forth in a responsive pleading or they are waived is not sufficiently complied with by virtue of reference to the defense in a memorandum in support of a summery judgment. [2] See *Funding Systems Leasing Corp. V. Pugh*, 530 F.2d 91, 96 (5th Cir. 1976).[3] Therefore, Defendant's raising the "borrowed servant" defense in its motion for summary judgment is not sufficient to satisfy the pleading requirement and the defense is thereby waived.

**B. The Borrowed Servant Doctrine and the Exclusivity Bar of the Alabama Workers' Compensation Act are Distinct Defenses**

---

[2] If the motion for summary judgment is the initial pleading tendered by Defendant, the Defendant may properly raise the affirmative defense in such a motion. *Funding Systems Leasing Corp. V. Pugh*, 530 F.2d 91, 96 (5th Cir. 1976).

[3] All decisions of the Fifth Circuit handed down prior to the close of business on September 30, 1981 are binding precedent in the Eleventh Circuit. *Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981). (en banc).

Defendant contends that the Plaintiff had notice of Defendant's "borrowed servant" defense as it relates to the exclusivity provisions of the Workers' Compensation Act, and, by virtue of such notice, the Defendant satisfied the requirement of pleading such an affirmative defense. (Def. Response p.2) Defendant argues that the following affirmative defense, which he pled in his Answer, encompasses the separate defense of the "borrowed servant" doctrine: "[S]ome or all of the Plaintiff's claims may be barred by the Alabama Workers' Compensation Act." (Complaint ¶26.)  This Court disagrees.

Under Alabama law, the exclusivity bar of the Alabama Workers' Compensation Act and the "borrowed servant" defense are two distinct defenses. The Defendant asserts "the only possible application of the Alabama Workers' Compensation Act, and the exclusivity provisions thereof, to Plaintiff's claim is through the 'borrowed servant' doctrine." However, Defendant fails to elaborate on this conclusion and fails to cite any case law that articulates the absolute and exclusive relationship between the two defenses.[4] There is, however, ample Alabama case law in which the Court has recognized the application of the "borrowed servant"

---

[4]Defendant incorrectly relies on *Gunnels v. Glenn Machine Works Inc.*, 547 So. 2d 448 (Ala. 1989), to try to establish that if the "borrowed servant" doctrine applies, then Plaintiff's claims are barred by the exclusivity provision of the Act.  However, this argument is irrelevant because Defendant failed to plead the defense, and therefore, any attempt to establish an argument as to its applicability is superfluous.

5

defense having no relation to injuries covered under the Workers' Compensation Act. *See United States Fid. & Guar. Co. V. Russo Corp., 628 So. 2d486, 488-489 (Ala. 1993); Hendrix v. Frisco Builders, Inc., 282 Ala. 473, 474-477, 213 So.2d 208 (1968); Martin v. Anniston Foundry Co., 259 Ala. 633, 637-638, 68 So. 2d 323 (1953).* Therefore, although the two may operate together in certain situations, there is no presumption which establishes that they are one defense for the purpose of pleading requirements.

The Defendant has failed to convince the Court that the "borrowed servant" defense is in any way a derivative of the Workers' Compensation Act thereby relieving the defendant of pleading the "borrowed servant" defense separately. Therefore, under Alabama law, Defendant's contention that it raised the "borrowed servant" defense in its Answer based on its raising the defenses under the Workers' Compensation Act is insufficient to establish affirmative pleading of the "borrowed servant" defense. The Plaintiff has offered sufficient case law that establishes that the two defenses are distinct from each other and hence would require independent pleading.

## Conclusion

The Plaintiff's Motion to Strike the "borrowed servant" defense and the summary judgment evidence offered in support thereof is hereby **GRANTED**.

**DONE** this 8th day of September, 2005.

                                          **VIRGINIA EMERSON HOPKINS**
                                          **United States District Judge**