FILED
 2005 Sep-09  AM 07:43
 U.S. DISTRICT COURT
    N.D. OF ALABAMA

U.S. DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| BOBBY PROCTOR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action Number: 5:02CV3185-VEH |
| vs. | ) |
| | ) |
| FLUOR ENTERPRISES, INC. | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OF OPINION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

### Introduction

Defendant Fluor Enterprises, Inc. (Fluor), has moved for summary judgment as to Plaintiff Bobby Proctor's (Proctor) claims of negligence and wantonness.[1] Defendant has pled contributory negligence as an affirmative defense to Plaintiff's negligence claim.[2]

The Defendant claims that it is entitled to judgment because Defendant was

---

[1] Plaintiff acknowledges that the evidence in this case is insufficient to suggest the culpable mental state required to prove wantonness under Alabama law.  Therefore, Plaintiff concedes that Fluor's motion for summary judgment is due to be granted insofar as it pertains to Plaintiff's wantonness claim.

[2] This opinion will not address the borrowed servant defense asserted by the defendant as the Court has already addressed the issue in a separate opinion in response to the Plaintiff's motion to strike the defense.

negligent, and in the alternative, Plaintiff was contributorily negligent.

Facts[3]

The action arises out of injuries to Proctor sustained while working at the Solutia, Inc. (Solutia), plant in Morgan County, Alabama.

Proctor, a senior operator of TM[4] machines at Solutia, alleged that on or about January 30, 2002, an employee of Fluor Enterprises, Inc., Charles Lawrence (Lawrence), was asked to investigate and repair a problem concerning a TM machine that Proctor was operating.[5]  While investigating the problem, Lawrence, an E&I tech, notified Proctor that the vortex breaker in the vat was clogged and that it needed to be unclogged.  Plaintiff, while wearing a neoprene glove attempted to unclog the vortex breaker.  While Plaintiff was attempting to unclog the vat with his hand, the

---

[3] The Court considers the facts, as it must, in the light most favorable to the Plaintiff. Chapman v. AI Transport, 229 F.3d 1012, 1023; Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1115 (11th Cir. 1993).

[4] A TM machine is used in the manufacture of acrylic fiber.  The machine is comprised of a series of connected tubs that contain solution baths of varying water and chemical composition, temperature, and circulation pressure.  Acrylic fibers are made from a raw synthetic material called "dope," which is forced through tiny holes on "spinnerette" heads submerged in a bath at one end of the TM.  This process results in the production of six "tow bands," each consisting of a group of continuous parallel strands of fiber.  The tow bands advance on guides through the TM, where they are subjected to a series of washings and treatments as they run stretched over the baths.

[5] Proctor was employed in the Spinning Department as a Senior Operator and was responsible for overseeing the quality of production output on six TM machines, numbered 25 through 30.

2

liquid exploded onto the Plaintiff, severely burning him.

Plaintiff alleges that Lawrence negligently misdiagnosed the problem and that his injuries resulting from such negligence. Plaintiff contends that he relied upon Lawrence's incorrect diagnosis in making his decision to try to fix the supposed problem. Furthermore, Plaintiff asserts that Lawrence was negligent by failing to manually check the temperature of the liquid before instructing Plaintiff as to what he thought the problem was.

Defendant argues that Lawrence was not negligent; it contends that Fluor did not breach any duty owed to Plaintiff, and that there is no evidence suggesting that Fluor proximately caused Plaintiff's injuries. Defendant explains that Lawrence was merely a technician, and any decision on the part of a senior operator is at the sole discretion of the senior operator. Lawrence did not instruct Plaintiff to act in any particular way. However, based on his experience and knowledge, he did notify the Plaintiff as to what he believed the cause of the problem was. Lawrence had never seen anyone use their hand to unclog a vortex breaker and did not suggest that Plaintiff do so.

Defendant claims that Plaintiff was contributorily negligent in that Plaintiff, in his role as a senior operator, should have known the danger involved in checking

3

the vortex breaker by placing his arm, protected only by a glove, in boiling liquid. Furthermore, Defendant argues that Plaintiff failed to use reasonable care in determining the safest way to unclog the vortex breaker.

## Standard for Summary Judgment

Under Fed. R. Civ. P. 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Chapman v. AI Transport, 229 F.3d 1012, 1023 (11th Cir. 2000).  The party asking for summary judgment always bears the initial responsibility of informing the court of the basis for its motion, and identifying those portions of the pleadings or filings which it believes demonstrate the absence of a genuine issue of material fact. Celotex, 477 U.S. at 323.  Once the moving party has met its burden, Rule 56(e) requires the non-moving party to go beyond the pleadings and, by its own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial. Celotex, 477 U.S. at 324.

The substantive law will identify which facts are material and which are irrelevant. Chapman, 229 F.3d at 1023; Anderson v. Liberty Lobby, Inc., 477 U.S.

4

242, 248 (1986). All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the non-movant. Chapman, 229 F.3d at 1023; Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1115 (11th Cir. 1993). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson, 477 U.S. at 248; Chapman, 229 F.3d at 1023. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. Anderson, 477 U.S. at 249.

The method used by the party moving for summary judgment to discharge its initial burden depends on whether that party bears the burden of proof on the issue at trial. See Fitzpatrick, 2 F.3d at 1115-17 (citing U.S. v. Four Parcels of Real Property, 941 F.2d 1428 (11th Cir. 1991)(*en banc*)). If the moving party bears the burden of proof at trial, then it can only meet its initial burden on summary judgment by coming forward with positive evidence demonstrating the absence of a genuine issue of material fact; i.e. facts that would entitle it to a directed verdict if not controverted at trial. Fitzpatrick, 2 F.3d at 1115. Once the moving party makes such a showing, the burden shifts to the non-moving party to produce significant, probative evidence demonstrating a genuine issue for trial.

If the moving party does not bear the burden of proof at trial, it can satisfy its initial burden on summary judgment in either of two ways. First, the moving party

may produce affirmative evidence negating a material fact, thus demonstrating that the non-moving party will be unable to prove its case at trial. Once the moving party satisfies its burden using this method, the non-moving party must respond with positive evidence sufficient to resist a motion for directed verdict at trial.

The second method by which the moving party who does not bear the burden of proof at trial can satisfy its initial burden on summary judgment is to <u>affirmatively</u> show the absence of any evidence in the record in support of a judgment for the non-moving party on the issue in question. This method requires more than a simple statement that the non-moving party cannot meet its burden at trial but does not require evidence negating the non-movant's claim; it simply requires the movant to point out to the court that there is an absence of evidence to support the non-moving party's case. <u>Fitzpatrick</u>, 2 F.3d at 1115-16. If the movant meets its initial burden by using this second method, the non-moving party may either point to evidence in the court record, overlooked or ignored by the movant, sufficient to withstand a directed verdict, or the non-moving party may come forward with additional evidence sufficient to withstand a directed verdict motion at trial based on the alleged evidentiary deficiency. However, when responding, the non-movant can no longer rest on mere allegations, but must set forth evidence of specific facts. <u>Lewis v. Casey</u>, 518 U.S. 343 (1996) (citing <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 561

(1992)).

Analysis

**A.     There are genuine issues of material fact as to whether or not the defendant's was negligent.**

To prevail on a negligence cause of action, plaintiff bears the burden to establish each of the following elements of a prima facie case: (1) the defendant owed a duty of care to the plaintiff; (2) the defendant breached that duty of care; and (3) the breach was the proximate cause of (4) damage suffered by the plaintiff.  Brushwitz v. Ezell, 757 So.2d 423, 432 (Ala. 2000).

According to the Alabama Supreme Court, the courts should consider a number of factors test to determine whether a legal duty of care exists in a negligence case

> In determining whether a duty exists in a given situation, courts should consider a number of factors, including public policy, social considerations, and foreseeability. The key factor is whether the injury was foreseeable by the defendant.

Smitherman v. McCafferty, 662 So. 2d 322 (Ala. 1993).

Based upon the facts alleged by the Plaintiff, and taking those facts in the light most favorable to the Plaintiff, the Court has found that there are genuine issues of material fact regarding (1) whether or not defendant owed a duty to Plaintiff and (2)

foreseeability. Plaintiff alleges that Lawrence owed him a duty of care as an E&I[6] technician. Defendant argues that it owed no duty to the Plaintiff[7]. Defendant argues that Lawrence's position as an E&I tech requires him to provide assistance to the senior operator, however, it maintains that the senior operator is responsible for making the final decision as to what actions are necessary in troubleshooting a problem with a given machine. Defendant contends that its duty is merely that of reasonable care and Defendant contends that Lawrence used reasonable care, based on his experience and knowledge, in troubleshooting the problem. The facts alleged create a genuine issue of material fact, and thus, the Court is precluded from granting summary judgment.

Questions of fact are decided by the jury, whereas questions of law are decided by the court. Baptist Medical Center v. Byars, 289 Ala. 713, 271 So. 2d 847 (1973). The facts alleged by the Plaintiff do not give rise to a question of law and thus it is inappropriate for the Court to make such a determination. Negligence is ordinarily a question of fact for the jury. Whataburger, Inc. v. Rockwell, 706 F.2d 1220, 1224 (Ala. 1997)(citing Sparks v. Alabama Power Co. 679 F.2d 678 (Ala. 1996)). Only

---

[6]An "E&I" technician is an "electric and instrumentation" technician.

[7] Defendant agrees that, if Lawrence was negligent, which Defendant disputes, then Defendant is liable under *respondeat superior*.

when no reasonable juror, construing the facts in the light most favorable to the plaintiff, could find in the plaintiff's favor is a court to enter judgment in favor of the defendant.  Rooney v. Watson, 101 F.3d 1378, 1380 (11th Cir. 1996).

Plaintiff asserts that, by failing to check all of the instruments before concluding that the pump cavitation presented an operating problem, Lawrence failed to comply with his duty of care as an E&I tech.  Defendant contends that, based upon his experience, Lawrence believed that the vortex was clogged, thereby creating a genuine question of whether such belief was reasonable.

It is also important to note that there is a genuine issue of material fact as to foreseeability.  The Plaintiff alleges that he was a foreseeable plaintiff and that his injury was also foreseeable.  The Defendant maintains that the Plaintiff was by no means a foreseeable plaintiff in that he had far more experience with clogged vortex breakers than Lawrence did and that Plaintiff's injury was the result of conduct that was completely unforeseeable to the Defendant.  Lawrence is employed as a technician. Defendant asserts that Plaintiff's role as a senior operator gives him the responsibility to heed Lawrence's advice only to the extent that the Plaintiff deems appropriate. Furthermore, the Defendant asserts that Plaintiff himself did not foresee that his conduct would result in injury, and, as such, Lawrence should not be expected to have foreseen such an injury.

Moreover, Plaintiff contends that, based upon the frequency with which Plaintiff had used the particular procedure that caused the injury[8] in the past and the fact that other operators used it as well, Defendant knew or should have known that this would be the procedure Plaintiff used to clean out the vortex. However, Lawrence contends that, prior to this occasion, he had never seen a person use his hand, donning only a glove to unclog a vortex breaker. Defendant further argues that Lawrence never stated or otherwise directed or agreed it was a safe procedure to clean a vortex. Therefore, Defendant asserts that Lawrence had no duty or reason to anticipate that Plaintiff would do what he did and ultimately become injured. Again, this is a factual dispute as to which reasonable minds could differ, leaving the question of fact for the jury to determine.

B.  **There are genuine issues of material fact as to the Plaintiff's contributory negligence.**

Contributory negligence is an affirmative and complete defense to a claim based on negligence. As an affirmative defense, the defendant bears the burden of proof. <u>Mitchell</u>, 806 So.2d at 1257.

> The question of whether a plaintiff is guilty of contributory negligence as a matter of law, and therefore one for the

---

[8] **That is, putting his gloved arm into the vat of the TM machine which, at the time, was filled with boiling liquid.**

> court to decide, arises only when the facts are such that all reasonable men must draw the same conclusion therefrom, and the question is for the jury when, under the facts and circumstances, reasonable minds may fairly differ upon the question of negligence vel non.

Robertson v. Travelers Inn, 613 So.2d 376, 379 (Ala. 1993)(Citing Baptist Medical Center v. Byars, 289 Ala. 713, 271 So. 2d 847 (1973)). "The question of the existence of contributory negligence is normally one for the jury." Wysler v. Ray Sumlin Constr. Co., 680 So.2d 235, 238 (Ala. 1996).

The three essential elements of contributory negligence are (1) knowledge of the condition; (2) appreciation of the danger; and (3) failure to exercise reasonable care with such knowledge and appreciation. Mitchell v. Torrence Cablevision USA Inc., 806 So.2d 1254, 1257 (Ala.Civ.App. 2000)(citing Wallace v. Alabama Power Co., 497 So.2d 450, 457 (Ala. 1986).

Under the facts alleged in this case, the Court has determined that reasonable minds may differ as to various genuine issues of material fact, and, therefore, the Court may not determine whether or not contributory negligence exists as a matter of law. Wysler, 680 So.2d at 23. The Court recognizes the possibility that reasonable minds may differ as to whether the Plaintiff knew or should have known the risk involved in placing his gloved hand in a vat of boiling liquid. Furthermore, the Court has determined that there is a genuine issue of material fact as to whether the

11

Plaintiff's tenure in his job should have given him enough warning that there may be other causes of the problem with the TM machine, aside from the clog suggested by Lawrence.  Additionally, the Defendant has set forth a list of alternate options to unclogging the vortex breaker that were available to the Plaintiff, thereby raising doubt as to the reasonableness of Plaintiff's actions.

## Conclusion

Based on the foregoing reasons, the Court has determined that there still exist genuine issues of material fact as to both Plaintiff's claim of negligence and Defendant's affirmative defense of contributory negligence.  Therefore, insofar as it pertains to negligence and contributory negligence, summary judgment is due to be denied.  The Court has found that, based upon the concession of the Plaintiff that the evidence is insufficient to establish the requisite mental state for a claim of wantonness, summary judgment is due to be granted on Plaintiff's claim of wantonness[9].

---

[9] Count II of the Complaint.

A separate order will be entered.

**DONE** this 8th day of September, 2005.

                                         **VIRGINIA EMERSON HOPKINS**
                                         United States District Judge

13